CHIEF JUSTICE GRAY,
dissenting.
¶59 I dissent from the Court’s determination that Rennie, the purported substitute justice of the peace, had authority to issue the search warrant. On that basis, I would not reach whether the warrant was supported by probable cause and would conclude that the consensual search-as well as evidence found at the places searched-resulted from an invalid warrant and, therefore, were fruit of the poisonous tree. I would reverse the District Court’s denial of Beaupre’s motion to suppress.
¶60 The key to the proper resolution of all these issues, as the Court recognizes, is whether substitute justice of the peace Rennie was authorized to issue the warrant. In other words, were the requirements set forth in § 3-10-231, MCA, met? I submit that they were not.
¶61 I agree that the “within 30 days of taking office” phrase in § 3-10-231(2)(a)(i), MCA, is the focal point of this issue because, unless Judge Guilio’s designation of Rennie occurred timely within the meaning of that phrase, Rennie was not authorized to issue the search warrant. I disagree with the Court’s approach to interpreting that phrase, as well as with the result it reaches therefrom.
¶62 I do not disagree with the Court that a dictionary contains the definition of “within” on which it relies. Indeed, various oft-used and respected dictionaries contain a plethora of definitions of the word *429 “within” when used as a preposition. See, e.g., The AMERICAN Heritage Dictionary ofthe English Language 1976 (4th ed. 2000); Webster’s Third New International Dictionary 2627 (1971).
¶63 In my opinion, however, the question before us is really not the definition of “within.” The question is the meaning of the entire prepositional phrase “within 30 days of taking office.” In other words, does the phrase mean, as the Court seems to posit, that Judge Guilio was required to designate Rennie at any time after his re-election in early November of 1998 but no later than 30 days after he took office again? I think not. It is my view that the 30 days run forward from the circumstance included at the end of the prepositional phrase-here, within 30 days after taking office. I realize that the Legislature used the word “of’ rather than the word “after.” But, in my view, the only reasonable interpretation of legislative intent in the context of § 3-10-231, MCA, is “within 30 days after taking office.”
¶64 Section 3-10-231(2)(a), MCA, contains only one provision regarding a justice of the peace providing a list of substitute justices of the peace. The requirement is that a justice of the peace shall provide a list of persons qualified to hold court in the justice’s place “[wjithin 30 days of taking office.” Section 3-10-23 l(2)(a)(i), MCA. The statute does not contain a method applicable to a newly elected justice of the peace and a separate method applicable to a re-elected justice of the peace such as Judge Guilio. Thus, this issue must be addressed as though Judge Guilio had been newly elected in November of 1998.
¶65 The question, then, is whether a justice of the peace can take any official action prior to taking office, as the Court’s analysis of the phrase “within 30 days of taking office” would permit. The answer, quite simply, is “no”-because the elected person does not become a justice of the peace for purposes of designating substitutes, or any other purpose, unless and until she or he “takes office.” In the present case, it is not disputed that Judge Guilio’s designation of Rennie was not timely during his first term of office. By the same token, since the designation was made prior io-and not within 30 days after — Judge Guilio took office for his second term, the designation did not satisfy the statutory requirements. As a result, Rennie was not authorized to issue the search warrant at issue in the present case.
¶66 Other than a dictionary definition which relates solely to the word “within,” the Court advances no authority for its interpretation of the statutory phrase “within 30 days of taking office.” This is somewhat surprising, given the number of times the phrase “within 30 days of [some occurrence or event]” appears in Montana law.
¶67 The phrase appears once in the people’s document-the Montana *430 Constitution. Article VII, Section 8 provides that in the event'the governor fails to timely appoint a replacement for a District or Supreme Court vacancy, the Chief Justice shall make the appointment from the same nominees “within thirty days of the governor’s failure to appoint.” Certainly that constitutional provision can only mean “within thirty days after the governor’s failure to appoint.” No rational person would even hint that the Chief Justice could act during the same period of time the governor was authorized to act. Yet, a refusal to interpret “within 30 days of’ as “within 30 days after” results in such a conclusion.
¶68 Moreover, the prepositional phrase “within 30 days of [some occurrence or event]” appears more than 200 times in the Montana Code Annotated. Only a few examples need to be set forth to illustrate the error in the Court’s interpretation. Section 2-3-114, MCA, provides that “[t]he district courts of the state have jurisdiction to set aside an agency decision under this part upon petition made within 30 days of the date of the decision[.]” Can this statute really mean, as it does pursuant to the Court’s analysis, that a petition can be filed within 30 days before the decision at issue, but not later than 30 days after the decision? Similarly, § 2-3-213, MCA, provides that a suit to void a decision made in violation of § 2-3-203, MCA, must be commenced “within 30 days of the decision.” Does this mean that such a suit can be filed in a district court within 30 days before the decision is made, but not later than 30 days after? Surely not!
¶69 Furthermore, the Legislature is fully cognizant of how to set a time parameter which includes a 30-day time period both before and after a specified event. For example, § 1-5-405(3), MCA, requires fees and documents to be submitted “within 30 days before or within 30 days after” the effective date of a surety bond. The Legislature did not include this language in § 3-10-231(2)(a)(i), MCA.
¶70 Finally, to the extent the Court believes it is appropriate to rely on a dictionary definition of only one word in the phrase at issue, I recommend it look to a definition for the word “of.” The first definition of that word set forth in The American Heritage Dictionary of the English Language 1219 (4th ed. 2000), is “originating at or from.” Under this common meaning of the word “of,” the only reasonable interpretation of the phrase “within 30 days of taking office” is that a substitute justice of the peace must be designated within 30 days from a justice of the peace taking office, not prior to taking office.
¶71 Judge Guilio’s designation of Rennie prior to taking office does not comply with the requirement of § 3-10-23 l(2)(a)(i), MCA, that a justice of the peace shall provide for a substitute justice of the peace withifi 30 *431 days of taking office. The search warrant at issue in the present case was not valid because Rennie was not authorized to issue it. For that reason, I would reverse the District Court’s denial of Beaupre’s motion to suppress and remand for further proceedings consistent with the stated conclusions. I strenuously dissent from the Court’s refusal to do so.